Crew, J.
(dissenting). I dissent from the opinion of the majority of the court in this case for the reason, that in my judgment the facts of this case do not warrant the conclusion reached by them that the homicide charged was committed by the accused, Frank Conrad, while in the act of perpetrating or attempting to perpetrate a burglary. At the time of the killing the burglary had been completed — Conrad had left the house and premises, and was then attempting to escape. In his flight, and after he had wholly escaped from and quitted the house and premises in and upon which the burglary had been committed, he encountered Davis, a police officer, who attempted to stop or arrest him. Whereupon, Conrad, in order to prevent arrest, and to enable him to continue his flight and make good his escape, shot and killed Davis. These facts being conceded, can it be rightfully said that such killing under such circumstances was, either in law or fact, in aid or furtherance of an attempt or purpose on the *87 part of Conrad to commit a burglary? Clearly not, I think. While it may not be said that to warrant conviction in this case it was necessary that the killing should have preceded the burglary, or that the killing must have taken place- at the precise moment when the burglary was attempted or committed; yet it was, and is, essential to a valid conviction under this indictment that the killing should have been concurrent with and a part of the perpetration of the burglary. And it is not enough merely, that such killing occurred soon after the burglary was committed, and within a short distance of the premises or place where it was committed.
The plaintiff in error, Frank Conrad, was indicted under Section 6808, Revised Statutes, which reads as follows: “Whoever purposely, and either of deliberate and premeditated malice, or by means of poison, or in perpetrating, or attempting to perpetrate, any rape, arson, robbery, or burglary, kills another, is guilty of murder in the first degree and shall be punished by death, unless the jury trying the accused recommend mercy, in which case the punishment shall be imprisonment in the penitentiary during life. * * * ” To justify a conviction under this section for murder in the first degree because of a homicide committed “in perpetrating or attempting to perpetrate any rape, arson, robbery or burglary,” it must appear that there was such actual legal relation between the killing and the felony committed or attempted, that it can be affirmed of the killing, that it occurred as a part of the perpetration of the crime, or in furtherance of an attempt or purpose to commit it. This, I think, for the reasons above stated, can not be said *88 of the killing in this case. Therefore, the finding and judgment of the court that this homicide occurred while Conrad was engaged in the perpetration of a burglary, finds no sufficient warrant either in the circumstances of the killing or from the conceded facts in this case.